```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
ELEMCO ELECTRICAL CONSTRUCTION CO., INC.,    Chapter 11
ELEMCO INDUSTRIES, INC. and ELEMCO         :
TESTING COMPANY, INC.                        Bankruptcy Case No.
                                           : 8-08-76561-AST
                        Plaintiffs,
                                           : Adversary
            -against-                        Proceeding No.
                                           : 8-10-08830-AST
CHAMPION WIRE & CABLE, LLC,
                                           : ANSWER

                        Defendant.         :
------------------------------------X
```

Defendant Champion Wire & Cable LLC ("Champion"), by its attorney, Edward Weissman, Esq., as and for its Answer to the complaint, sets forth as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 1, 2, 3 and 4 of the complaint.

2. Admits each and every allegation set forth in paragraph 5 of the complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 6, 7, 8, 9 and 10 of the complaint.

4. With respect to paragraph 11 of the complaint, Champion repeats, reiterates and realleges each and every denial, denial of knowledge or information sufficient to form a belief or admission heretofore interposed by it in paragraphs 1 through 10 of the complaint, as if more fully set forth herein at length.

5. Admits each and every allegation set forth in paragraph 12 of the complaint, and respectfully refers this Court

to the testimony and evidence at trial for the legal significance regarding same.

6. Admits each and every allegation set forth in paragraph 13 of the complaint.

7. Denies each and every allegation set forth in paragraph 14 of the complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 15, 16, 17 and 18 of the complaint.

9. Denies each and every allegation set forth in paragraphs 19 and 20 of the complaint.

10. With respect to paragraph 21 of the complaint, Champion repeats, reiterates and realleges each and every denial, denial of knowledge or information sufficient to form a belief or admission heretofore interposed by it in paragraphs 1 through 20 of the complaint, as if more fully set forth herein at length.

11. Denies each and every allegation set forth in paragraphs 22 and 23 of the complaint.

12. With respect to paragraphs 24 of the complaint, Champion repeats, reiterates and realleges each and every denial, denial of knowledge or information sufficient to form a belief or admission heretofore interposed by it with respect to paragraphs 1 through 23 of the complaint, as if more fully set forth herein at length.

13. Denies each and every allegation set forth in paragraph 25 of the complaint.

**AFFIRMATIVE DEFENSES**

14. The transfers described in the complaint were not made on account of an antecedent debt.

15. Plaintiff's claims against Champion should be dismissed to the extent that the alleged transfers were (i) intended by the Debtor and Champion to be a contemporaneous exchange for new value given to the Debtor and (ii) were, in fact, substantially contemporaneous exchanges pursuant to 11 U.S.C. § 547(c)(1).

16. Plaintiff's claims against Champion should be dismissed to the extent that the alleged transfers were (i) in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Champion Wire; (ii) made in the ordinary course of the business or financial affairs of the Debtor and Champion and (iii) made according to ordinary business terms pursuant to 11 U.S.C. § 547(C)(2).

17. Plaintiff's claims should be dismissed to the extent that following Champion's receipt of the transfers, Champion gave new value to or for the benefit of the Debtor, and which value was not secured by an otherwise unavoidable security interest and on account of which the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Champion pursuant to 11 U.S.C. § 547(C)(4).

18. Plaintiff is not entitled to avoid or otherwise recover a pre-petition transfer where none of any such recovery is to the benefit of the estate, and, instead, would be solely for

the benefit of administrative creditors who are not intended beneficiaries of the avoidance provisions of 11 U.S.C. § 551.

19. The plaintiff's complaint fails to state a claim against Champion upon which relief can be granted.

20. Champion is a secured creditor to the extent it could have filed a mechanic's lien to secure its entitlement to be paid.

WHEREFORE, defendant Champion Wire & Cable LLC demands judgment dismissing the plaintiff's complaint in its entirety, and with prejudice; together with such other, further and different relief as to the Court may seem just and proper.

Dated: New York, New York
    December 14, 2010

LAW OFFICES OF EDWARD WEISSMAN

By _____
Edward Weissman, Esq. (EW-1340)
Attorney for Defendant
Champion Wire & Cable, LLC
Office and P.O. Address
60 East 42nd Street - Ste 557
New York, New York 10165
Tel.: (212) 937-1520

P:\COMPANY SHARED\WEISSMAN\YG\CLIENTS\CHAMPION\ELEMCO\ELEMCO.ET.AL..V.CHAMPION.ANSWER.(BANKRUPTCY.COURT).DOC

4

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

### AFFIDAVIT OF SERVICE

PETE RODRIGUEZ, being duly sworn, deposes and says:

I am not a party to this action and am over 18 years age and reside in New York, New York.

On the 14th day of December, 2010 I served the within ANSWER upon:

> James B. Glucksman, Esq.
> RATTET & PASTERNAK
> Attorneys for Plaintiff
> 550 Mamaroneck Avenue
> Harrison, N.Y. 10528,

by depositing a copy of same, enclosed in a post-paid wrapper, and properly addressed, in an official depository located in the State of New York, County of New York under the exclusive care and custody of the United States Post Office Department.

PETE RODRIGUEZ

Sworn to before me this
14th day of December, 2010

Notary Public

EDWARD WEISSMAN
Notary Public, State of New York
No. 01-4806821
Qualified in New York County
Commission Expires May 31, 2014

P:\COMPANY SHARED\WEISSMAN\YG\CLIENTS\CHAMPION\ELEMCO\AFFID.OF.SERV.UPON.PLAINTIFF'S.ATTNY.ANSWER.12.14.10.(BANKRUPTCY.COURT).DOC